## In re GIOVANNA, et al.

### (District Court, S. D. New York. March 31, 1899.)

1. ALIENS—EXCLUSION—UNITED STATES DISTRICT COURT—JURISDICTION TO RE-VIEW.

Under Appropriation Act Aug. 18, 1894 (28 Stat. 390, c. 301), providing for the exclusion of aliens, the United States district court has no jurisdiction to review the action of the secretary of the treasury, confirming the decision of the executive officers excluding aliens domiciled here, on their return from a temporary visit abroad.

2. SAME—CHILDREN OF ALIENS.

Children of aliens born in the United States are citizens, and not aliens, and hence are not subject to exclusion, under the immigration laws, on their return with their alien parents from a temporary visit abroad.

Habeas Corpus. Immigrants.

John Palmieri, for petitioners.

Ullo, Ruebsamen & Higginbotham, for commissioner of immigration.

BROWN, District Judge. Upon the return and traverse of the writ of habeas corpus in this case, it appears on the agreed statement of facts that Anzelmo Giovanna and her husband and their two children Emma and Salvatore, aged respectively 6 and 8 years, and Providenza Conti, arrived at this port from Italy on February 2, 1899, and after special examination, were determined to be alien immigrants likely to become a public charge, and on that ground were refused permission to land and were detained for the purpose of being sent back to Italy, and on appeal this ruling was affirmed by the secretary of the treasury. It further appears that the parents came to this port about 10 years ago where they then established their home and have been domiciled ever since, but they have never become citizens. The two children above named were born in this country and have always resided here until about two months ago, when in December, 1898, the parents leaving their older children at their home in this port, went to Italy for a temporary purpose, taking with them the two children above named and returning in February last, as above stated.

Upon the above statement of facts some doubt may exist whether the decision of the supreme court in the case of Lem Moon Sing v. United States, 158 U. S. 538, 547, 15 Sup. Ct. 967, intended to hold that the exclusion by executive officers alone of aliens domiciled here on their return from a temporary visit abroad should be extended beyond Chinese aliens under the provision of the appropriation act of August 18, 1894 (28 Stat. 390, c. 301). The paragraph containing that provision in the appropriation act comes under the heading: "Enforcement of the Chinese Exclusion Act." Neither this heading nor the context is given in the clause relating to the exclusion of aliens in 2 Supp. Rev. St. p. 253; but the heading in the appropriation act may qualify the whole provision. For the purpose of a review, which it is understood will be taken, I shall, however, treat that provision as general and including all aliens without limitation; and the effect of this ruling must be that I have no jurisdiction to review the

action of the secretary of the treasury as respects the mother or Providenza Conti.

As respects the two children who were born in this country while their parents were resident and permanently domiciled here, the decision of the supreme court in the case of United States v. Wong Kim Ark, 169 U. S. 649, 693, 704, 18 Sup. Ct. 456, seems to me not distinguishable from the present; and I must therefore hold that these children, being citizens of the United States and not aliens, were not subject to the jurisdiction of the immigration officers under the statute upon which they have been excluded. This decision, though necessary from the rulings in the cases above cited, involves the unfortunate result of separating the mother from her children of tender years. It is understood that both sides desire to take an appeal upon the decision here made. It is to be hoped that during the pendency of proceedings, at least, the commissioner of immigration will find some means to avoid such a separation.

The infants are discharged from custody, and the mother and Providenza Conti are remitted to the custody of the commissioner of immigration.